**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

---

**GARY HAMILTON,**                              *

    **Plaintiff,**                            *

      **v.**                                 *          **Civil No. 8:19-cv-01489-DLB**

**CARLOS DEL TORO, Secretary,
Department of the Navy,**                       *

    **Defendant.**                            *

---

**JOINT PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Memorandum to Counsel dated January 20, 2022, Pretrial Scheduling Order dated September 8, 2022, and the January 17, 2023 Order granting Motion for Extension of Time, Plaintiff Gary Hamilton and Defendant Carlos Del Toro, Secretary Department of the Navy, by and through undersigned counsel, hereby propose the following jury instructions in addition to those set forth in ECF No. 80-1.

The parties would respectfully request that they be permitted to submit additional proposed instructions as appropriate, based on the Court's rulings on the motions in *limine*.

In addition, the parties also request that the Court advise counsel of its proposed actions respecting the requested instructions in advance of closing argument to the jury and permit the withdrawal, revision, and addition of jury instructions as may be warranted before closing argument.

[Signatures on page 2]

1

Respectfully submitted,

By:       /s/                                                       Erek L. Barron
Stephanie Rapp-Tully, Esq.                     United States Attorney
Bar No. 18555
Tully Rinckey PLLC
2001 L Street NW, Suite 902               /s/
Washington, DC 20036                    Ariana Wright Arnold (No. 23000)
Tel: (202) 787-1900                       Alicia L. Shelton (No. 11538)
Fax: (202) 640-2059                      Assistant United States Attorney
srapptully@fedattorney.com             36 S. Charles Street
                                                 Baltimore, MD 21201
Sara E. Furlow, Esq.                      Tel: (410) 209-4813
Bar No. 22095                            Fax: (401) 962-2310
Tully Rinckey, PLLC                     Ariana.Arnold@usdoj.gov
2001 L Street NW, Suite 902            Alicia.shelton2@usdoj.gov
Washington, DC 20036               *Counsel for Defendant*
sfurlow@fedattorney.com
*Counsel for Plaintiff*

2

Proof of Discrimination
Jury Instruction No.  1

Plaintiff bases his [her] lawsuit, in part, on Title VII of the Civil Rights Act of 1964. The Act provides in pertinent part that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin … ."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in defendant's employment practice decision.

To prove his [her] claim, plaintiff must prove by a preponderance of the evidence:
First, that defendant [e.g., failed to hire, promote, or demoted] the plaintiff, and
Second, that plaintiff's [e.g., race, gender, religion] was a motivating factor in defendant's decision.

You must find for the defendant if either any of these elements has not been proved.

5 Modern Federal Jury Instructions – Civil, 88-42 (2022)

Failure to Hire
Jury Instruction No. 2

In a failure to hire case, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing:

(i)    that he belongs to a protected class based on his race;

(ii)   that he applied and was qualified for a job for which the employer was seeking applicants;

(iii)  that, despite his qualifications, he was rejected; and

(iv)   after his rejection, someone outside his protected class was hired, or the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.


*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993); *Alvarado v. Board of Trustees of Montgomery Community College*, 928 F.2d 118, 121 (4th Cir.1991); *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)

Legitimate Non-Discriminatory Reasons
Jury Instruction No. 3

You must also consider any legitimate, nondiscriminatory reason or explanation stated by [the Navy] for its decision. If you determine [the Navy] has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's race [or age].

*O'Malley, Grenig, Lee*, 3C Fed. Jury Prac. & Instr. § 171:77 (6th ed.)

Pretext
Jury Instruction  No. 5


The defendant has offered evidence that it [did not hire Plaintiff]took the adverse action entirely for nondiscriminatory reasons. Remember that it is the plaintiff's burden to prove that at least one of the motivating reasons for the decision was intentional discrimination and that an employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not discriminatory. However, you should scrutinize the reasons proffered by the defendant, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the pretext was designed to conceal discrimination.


5 Modern Federal Jury Instructions - Civil 88-44 (2022)

Title VII Retaliation
Jury Instruction No. 6


Plaintiff claims that the defendant retaliated against him because he complained that his [potential] employer was engaging in unlawful discrimination. Opposing discrimination in employment is a protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

- 1.that the plaintiff complained of discrimination in his employment, specifically race orand age discrimination [specify the protected activity];
- 2.that the defendant was aware of plaintiff's complaint;
- 3.that the plaintiff was then subjected to a material adverse action by the defendant, specifically failure to hire [specify the adverse action]; and
- 4.that the plaintiff's complaint was the critical element in the defendant's decision to take the adverse action.

With respect to the third element, an adverse action is "material," in terms of a retaliation claim, if it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to the plaintiff's employment.

With respect to the fourth element, it must be the case that the defendant would not have taken the adverse action except as a response to the plaintiff's protected activity. The defendant must have taken the adverse action because of an intent to retaliate against the plaintiff for complaining about employment discrimination.


5 Modern Federal Jury Instructions - Civil P 88-46 (2022)

Coverage By The Age Discrimination In Employment Act
Jury Instruction No. 7


The prohibitions contained in the Age Discrimination in Employment Act make it unlawful for an employer to discriminate because of age against an individual who is 40 years old or older.

5 Modern Federal Jury Instructions - Civil P 88.24 (2022)

ADEA Burden Of Proof
Jury Instruction No. 8


To prove his claim of a violation of the Age Discrimination in Employment Act, the plaintiff must establish each of the three essential elements of his claim by a preponderance of the evidence.

5 Modern Federal Jury Instructions - Civil 88-26 (2022)

Age Discrimination In Employment – Essential Elements
Jury Instruction No. 9

Essential Elements

The essential elements of the plaintiff's [age discrimination] claim, each of which he must prove by a preponderance of the evidence, are:

- 1. that the defendant took an adverse employment action against the plaintiff, specifically [insert the adverse action complained of, such as termination, failure to hire, failure to promote, etc.];
- 2. that at the time the adverse action was taken, plaintiff was at least 40 years old; and
- 3. that plaintiff's age was the critical factor in defendant's decision [not to hire the Plaintiff] to take the adverse action.

In order to prove that the plaintiff's age was the critical factor, the plaintiff must show that, except for the consideration of his age, the defendant would not have taken this adverse action. The plaintiff may prove this through direct evidence or through circumstantial evidence.

5 Modern Federal Jury Instructions - Civil 88-27 (2022)

ADEA Retaliation
Instruction No. 10

The plaintiff claims that the defendant retaliated against him because he complained that his [potential] employer was engaging in age discrimination. Protesting age discrimination in employment is protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

- 1.that the plaintiff complained of age discrimination in his employment, specifically [~~specify the protected activity~~filed an EEO complaint];
- 2.that the defendant was aware of the plaintiff's complaint;
- 3.that the plaintiff was then subjected to a material adverse action by the defendant, specifically [~~specify the adverse action~~failure to hire]; and
- 4.that the defendant took the adverse action because of the plaintiff's complaint.

With respect to the third element, an adverse action is "material" if it might well have discouraged a reasonable worker from complaining about age discrimination in employment. The adverse action itself, however, need not be related to the plaintiff's employment.

With respect to the fourth element, it must be the case that, but for the plaintiff's complaint about age discrimination in employment, the defendant would not have taken the adverse action.

5 Modern Federal Jury Instructions - Civil 88-28 (2022)

Age Discrimination - Pretext
Instruction No. 11


If the defendant has offered evidence tending to show a nondiscriminatory reason for the challenged action, you should consider whether the defendant's articulated reason for its action is not the true reason why the defendant took adverse action against the plaintiff and whether the true reason for the adverse action was age discrimination.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is not whether the defendant's reason showed poor or erroneous judgment. The defendant would be entitled to make its decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful discrimination.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence, that the defendant took the adverse action against the plaintiff because of his age. If you do not believe the defendant's explanation for its action, then you may infer, but need not infer, that the real reason was that the defendant intentionally discriminated against the plaintiff because of his age.

5 Modern Federal Jury Instructions - Civil P 88.37A (2022)

Nominal Damages
Instruction No. 12

If you find in favor of the plaintiff under [the Essential Elements Instruction], ~~or under the [Mixed Motive of "Same Decision" Instructions]~~, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar ($1.00).

5 Modern Federal Jury Instructions - Civil P 88.71 (2022)

**PLAINTIFF'S PROPOSED INSTRUCTIONS**

ADEA Front Pay
Jury Instruction No. _____

Front Pay

I instruct you that if the plaintiff persuades you that the defendant has violated the ADEA you may award the plaintiff prospective damages, sometimes called front pay.

5 Modern Federal Jury Instructions-Civil P 88-41 (2022)

Actual Damages
Jury Instruction No. __

Actual Damages

If you find in favor of the plaintiff under [the Essential Elements Instruction] ~~or under the [Mixed Motive Instruction]~~, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find [he~~/she~~] sustained as a direct result of the defendant's decision to [~~discharge, demote, reassign,~~ fail to hire plaintiff~~, etc.~~]. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits plaintiff would have earned in [his~~/her~~] employment with defendant ~~if [he/she] had not been discharged on [fill in date of discharge]~~ through the date of your verdict, *minus* the amount of earnings and benefits that plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by plaintiff, such as [~~list damages supported by the evidence, e.g., mental anguish, future pecuniary losses~~, emotional pain, suffering, inconvenience, loss of enjoyment of life]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category. [You are also instructed that plaintiff has a duty under the law to "mitigate" his~~/her~~ damages—that is, to exercise reasonable diligence under the circumstances to minimize the harm [he~~/she~~] suffered. Therefore, if you find by the preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to [him/~~her~~], you must reduce the damages [he~~/she~~] would otherwise be entitled to receive by the amount [he~~/she~~] reasonably could have avoided if [he~~/she~~] had sought out or taken advantage of such an opportunity.]

5 Modern Federal Jury Instructions-Civil P 88.70 (2022)

**DEFENDANT'S PROPOSED INSTRUCTIONS**

Age Discrimination But-For Causation
Instruction No. __

The plaintiff has introduced evidence that he claims demonstrates that an illegitimate factor—age—was a motivating factor in an employment decision [not to hire plaintiff~~describe] adverse to the plaintiff~~. If you believe the plaintiff's evidence and are persuaded by a preponderance of the evidence that, except for the consideration of age, the defendant would not have made the same employment decision, then you must find for the plaintiff.

5 Modern Federal Jury Instructions - Civil 88-29B (2022)

Compensatory Damages
Jury Instruction No. _____

If you find that Defendant is liable on one or more claims, then you may award Plaintiff such sum of money that you find by a preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of Defendant's action.

If it is appropriate to determine damages, you should not award damages based upon consideration of past or future lost wages, court costs or attorney's fees incurred by Plaintiff; nor should you add interest to any award based on lapse of time.  If such damages are appropriate, those damages will be determined by the Court.

You may award damages for any pain, suffering or mental anguish that plaintiff [name] experienced as a consequence of defendant's [allegedly unlawful act]. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages you decide to award, you should be guided by dispassionate common sense. The compensatory damages you award must be fair and reasonable, neither inadequate nor excessive.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You are also instructed that plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize the harm he suffered.

Therefore, if you find by the preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce the damages he would otherwise be entitled to receive by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Authority**:**

*Ford v. Rigidply Rafters, Inc.*, 984 F. Supp. 386, 389-899 (D. Md. 1997) ("The Court had instructed the jury not to consider awarding back pay, pre-judgment interest, and reinstatement or front pay, because those equitable remedies are vested within the Court's discretion.") (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763-64 (1976); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416-17 (1975)); *see also Tinsley v. City of Charlotte*, 854 F. App'x 495, 499 (4th Cir. 2021) ("[Plaintiff] also sought equitable remedies, including back pay and front pay, which were not subject to a jury determination.").

3C Fed. Jury Prac. & Instr. § 171:90 (6th ed.) (pain, suffering or mental anguish that plaintiff [name] experienced as a consequence of defendant's [allegedly unlawful act]. No evidence of the

monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence)

Faculty of Federal Advocates Model Employment Law Jury Instructions ("In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.")

Necessity that individual be qualified for position
Jury Instruction No. _

The second element of an individual *prima facie* case of hiring discrimination requires that the aggrieved individual show that he was qualified for the sought-after job.

Merely contending that the applicant possessed the relevant degree or experience is not enough to demonstrate that the applicant was qualified though; the applicant must show that the specific hiring criteria for the positions were also met in order to show that the applicant was in fact qualified for the positions.

1 Emp. Discrim. Coord. Analysis of Federal Law § 21:3

*Hughley v. Baltimore Cnty. Gov't*, No. 19-CV-1578-LKG, 2022 WL 911202, at *2 (D. Md. Mar. 29, 2022), aff'd, No. 22-1445, 2023 WL 315253 (4th Cir. Jan. 19, 2023) (plaintiff was required to show she was qualified for position of police officer)

Good Cause Or Reasonable Factor Other Than Age
Jury Instruction No. __

If you find plaintiff [name] has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant [Navy] that the treatment of plaintiff was for [a reasonable factor other than age].

The Navy has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant does not have to persuade you of this fact by a preponderance of the evidence. Instead, defendant is required only to produce enough evidence [of a legitimate nondiscriminatory reason other than age] to create a genuine issue of fact in your mind.

Even if [the Navy] is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.]

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, unless you find defendant's reason was a pretext for discrimination.


3C Fed. Jury Prac. & Instr. § 173:66 (6th ed.)